UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JASON AND SHANNA ABT** ) | JURY TRIAL DEMANDED |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| **RICHARD A. KUIKEN** ) | |
| ) | |
| Serve at: ) | |
| 541 Ninth St. ) | |
| Carlyle, IL 62231 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, Plaintiffs, Jason and Shanna Abt, and for their Complaint state as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by individual consumers for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiffs demand a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has original jurisdiction over Plaintiff's FDCPA claims under 15 U.S.C. § 1692k(d) because the illicit collection activity was directed at Plaintiff in St. Genevieve County, Missouri, within the Eastern District of Missouri. Further, this Court has original jurisdiction over Plaintiff's FDCPA claim under 28 U.S.C. § 1331 because that claim arises under federal law.

1

4. Venue is appropriate in this Court because all of the torts referenced herein occurred in this District and because Defendant Kuiken regularly and systematically collects debts for his clients in this District.

**PARTIES**

5. Plaintiffs are a natural persons currently residing in St. Genevieve County, Missouri. Plaintiffs are "consumers" within the meaning of the FDCPA. The alleged debt Plaintiffs owe arise out of consumer, family, and household transactions.

6. Specifically, the alleged debt arises out of propane that Plaintiffs purchased from a company known as Gateway FS for the purpose of heating their home.

7. Defendant Kuiken is an attorney residing in Carlyle, Illinois.

8. Kuiken engages in business the principal purpose of which is the collection of debts in Missouri and Illinois, and he regularly attempts to collect debts alleged to be due another.

9. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

**FACTS**

10. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

11. Defendant's collection activity consisted of a collection letter sent to Plaintiffs on November 6, 2013.

12. The November 6, 2013 letter was the initial collection communication between Defendant and Plaintiffs.

13. Defendant failed to advise Plaintiffs at any time of Plaintiffs' dispute and validation rights pursuant to 15 U.S.C. § 1692g.

14. Although Defendant has not allowed Plaintiffs to dispute the debt, Plaintiffs dispute the debt and all related charges that Defendant is trying to collect.

15. The November 6 letter, attached hereto as **Exhibit 1**, threatened suit against Plaintiffs within Plaintiffs' thirty day dispute period and thereby overshadowed Plaintiffs' dispute rights pursuant 15 U.S.C. § 1692g.

16. The November 6 letter threatened suit against Plaintiffs would commence in Clinton County, Illinois if Plaintiffs did not pay in full by November 29, 2013—a date well within Plaintiffs' dispute period.

17. The letter therefore threatened action that Defendant could not legally take.

18. The court in Clinton County, Illinois has no jurisdiction over Plaintiffs and venue in that court is improper. Plaintiffs purchased the propane that is the subject of the alleged debt and allegedly defaulted on the debt in Missouri.

19. Plaintiffs transacted no business with respect to the debt in Clinton County, Illinois.

20. Pursuant to 15 U.S.C. § 1692i(a)(2), Defendant could only bring the suit in the judicial district in which Plaintiffs signed the contract (this would be St. Genevieve County, MO) or the judicial district in which Plaintiffs resided at the commencement of the action (Plaintiffs have never resided in Clinton County, IL).

21. Defendant's threat to bring the suit against Plaintiffs in a distant county in another state was an attempt to abuse, harass, deceive and intimidate Plaintiffs into simply paying the alleged debt without a challenge.

22. Defendant, who has been practicing law for forty years, knows full well the basics of jurisdiction and venue and contrived to violate these laws to scheme and abuse Plaintiffs for his own personal enrichment; upon information and belief, Defendant gets "a cut" of whatever Plaintiffs pay on the alleged debt.

23. The November 6 also threatens "minimum court costs of $150" that will be "added" to Plaintiffs' debt.

24. The charging or threatening of such additional costs is unwarranted, improper, and not supported by any agreement between Plaintiffs and the original creditor. Furthermore, court costs in small claims court in Clinton County, IL are nowhere close to $150.

25. Defendant's conduct caused Plaintiffs to believe that they could not exercise their dispute and validation rights or that such an exercise would not be honored, and that they had to pay the debt within the dispute period.

26. Plaintiffs never entered into any agreement whereby they consented to arbitrate disputes with Defendant.

27. Defendant's collection attempts have caused Plaintiffs to incur actual damages including but not limited to anxiety, stress, and worry.

## COUNT I: VIOLATION OF THE FDCPA

28. Plaintiffs re-allege and incorporate by reference all of the above paragraphs.

29. In his attempts to collect the alleged debt from Plaintiffs, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

   a. Overshadowing Plaintiffs' dispute, validation, and verification rights, 15 U.S.C. § 1692g;

b. Engaging in false, deceptive, harassing, and unfair conduct in the collection of a debt, 15 U.S.C. § 1692d-f;

c. Failing to provide notification to Plaintiffs of their dispute and validation rights within five days of the initial collection communication, 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

E. For such other relief as the Court may deem just and proper.

**VOYTAS & COMPANY**

/s/ Richard A. Voytas, Jr.
_____
**RICHARD A. VOYTAS, #52046**
**NATHAN K. BADER, #64707**
**Voytas & Company**
**1 North Taylor Ave.**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1068**
**Fax:     (314) 667-3161**

5